# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| RALPH EUGENE WILLIAMS and | : | Bankruptcy No. 07-11685DWS |
| DENICE LOUISE SHIPPEN, | : | |
| | : | |
| Debtors. | : | |

---

# OPINION

**BY:  DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion for Relief from Stay (the "Motion") of AGLF Investments, LLC ("AGLF"), seeking to recover possession of real property leased to the Debtors for their residence (the "Residence").  The Motion brings into play new provisions of the Bankruptcy Code added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. S 256, 109-8, 119 Stat. 23 (2005) ("BAPCPA").  Specifically, the Court must address §§ 362(b)(22) and 362(l), which provide an exception to the automatic stay of § 362(a)(3) under certain circumstances.  As the contested matter presents an issue of first impression under BAPCPA, the parties were asked and have briefed their respective positions.  Having reviewed same and conducted independent research, the Motion is ripe for decision.

## FACTUAL BACKGROUND

The relevant facts are not disputed.  Debtors rent their Residence from AGLF pursuant to a lease dated January 15, 2007 (the "Lease").  Exhibit C-2.  On March 2, 2007, AGLF filed a Landlord and Tenant Complaint[1] against Debtors for past-due rent in the Magisterial District Court (the "MDC"), District 38-1-07, for Montgomery County, and on March 14, obtained a judgment (the "Judgment") against Debtors in the amount of $3,464 and granting possession of the Residence.  Exhibit C-5.

Debtors filed this Chapter 7 case *pro se* on March 22, 2007.  Using the new form of petition adopted to implement BAPCPA, Debtors indicated that its landlord has a judgment for possession and identified and provided the address of Rudolf Celli Jr. ("Celli")[2] as landlord.  They also checked the box preceding the statement "Debtor claims that under applicable nonbankruptcy law, there are circumstances which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered," and did not check the box preceding the statement "Debtor has included with the petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition."  Doc. No. 1.[3]

---

[1]  Exhibit C-6.

[2]  Celli is a partner in AGLF and its attorney in this contested matter.

[3]  They also filed the Judgment and Leases for the Residence.  Id.  I shall take judicial notice of the docket entries in this case.  Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017.  See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991
(continued...)

Upon review of the foregoing, the Clerk of Court on March 22, 2007 forwarded a notice and certified copy of the docket to Celli and Debtors as required by 11 U.S.C. § 362(l)(4)(B). See p. 8 infra.

Debtors' attorney entered his appearance in this case on March 30, 2007 and filed the requisite Schedules and Statement of Affairs on April 6, 2007.  No further filings were made with respect to the Judgment nor was a deposit ever posted.

On April 27, 2007, AGLF filed with the MDC a request for Order of Possession, which was granted that same day (the "Possession Order") and provided for eviction to take place on May 8, 2007.  Exhibit C-1.  AGLF did not seek relief from the automatic stay prior to obtaining the Possession Order based on its view that the BAPCPA provisions of § 362(b)(22) were self executing when Debtors had failed to certify that they had deposited with the clerk any rent due during the 30-day period following the filing.[4]  On May 2 AGLF filed the Motion which was prompted by the position of Debtors' counsel that certain provisions of § 362(a) still protect them from eviction.[5]  While contending that stay relief

---

(...continued)
WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

[4] Though no testimony was presented on this issue, AGLF's Motion for Expedited Hearing on the Stay Motion indicates that it informed the MDC of Debtor's failure to comply with the Bankruptcy Code provisions at issue here.  Expedited Motion ¶ 3.

[5] Thus while the Motion is framed as a request for relief from stay, the issue presented and briefed by the parties was whether the stay was applicable in the first instance.  AGLF relies solely on the new BAPCPA provisions to support its request for relief.  Debtors contend that AGLF violated the stay, its writ of eviction is void and that if stay relief is granted, AGLF must repeat that
(continued...)

is not required under these circumstances, the Motion asks for relief to the extent it may

be necessary.[6]

## DISCUSSION

The automatic stay provided by 11 U.S.C. § 362(a) is one of the fundamental

debtor protections provided by the bankruptcy laws.  Its breadth as reflected in its broadly

worded subsections (a)(1) through (a)(8) has provided opportunities for abuse not intended

by Congress to achieve its prophylactic statutory objective, i.e., providing debtors a breathing

spell from collection efforts, harassment and foreclosure actions while they seek financial

rehabilitation consistent with the requirements of the Bankruptcy Code.  H.R.Rep.No. 595,

95th Cong., 1st Sess 174-75 (1977); S.Rep.No. 989, 95th Cong. 2d Sess. 49-50 (1978).

One such area of abuse was identified by the commission charged by Congress in 1994

with a review of the extant bankruptcy law.  Through testimony and written submissions,

the National Bankruptcy Review Commission (the "Commission") was advised of

"persistent, systematic abuse of the automatic stay by residential tenants who have

_____

(...continued)
step to evict Debtors.  Debtors have filed a motion to convert this bankruptcy case to one under
Chapter 13, intending to pay their rent arrears by December 31, 2007 under a Chapter 13 plan,
Exhibit D-2, rather than pursuant to § 362(l) which requires cure within 30 days of the petition date.
11 U.S.C. § 362(l)(2).

[6] While AGLF has not specifically requested a declaratory judgment that the stay is not in
effect, the parties' arguments have focused on this as a threshold question.

-4-

successfully forestalled eviction for months by filing a bankruptcy petition." Nat'l Bankruptcy Review Commission, Final Report, Bankruptcy: the Next Twenty Years, Chapter 3: Individual Commissioner Views 65-66 (1997), available at http://govinfo.library.unt.edy/ubrc/. While it would be another ten years before legislation was enacted, among the provisions of BAPCPA are additional exceptions to the sweep of § 362(a), including two that directly pertain to residential leases.

Prior to BAPCPA, § 362(a)(3) had absolutely protected the estate's interest in a residential lease as the petition operated as a stay against "[a]ny act to obtain possession of property of the estate or of property from the estate. . . . " 11 U.S.C. § 362(a)(3). Absent the amendment discussed below, AGLF's post-petition pursuit of Debtors' eviction would run afoul of this protection, notwithstanding the pre-petition entry of judgment for possession. Cuffee v. Atlantic Business and Community Corp. (In re Atlantic Business and Community Corp.), 901 F.2d 325, 328 (3d Cir. 1990) (a debtor's bare possessory interest in real property is property of the estate under 11 U.S.C. § 541 and is thus protected from being taken under 362(a)(3)). BAPCPA, however, sought in part to address " a problem faced by thousands of large and small residential landlords across the nation whose tenants file for bankruptcy relief solely for the purpose of staying pending evictions so they can live 'rent free.'" H.R. Rep. No. 1009-31(I), *17 *as reprinted in*, 2005 U.S.C.C.A.N. 88, *103 (2005). It did so through two new exceptions to the automatic stay. Section 362(b) now states that the filing of a petition will <u>not</u> operate as a stay:

(22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

(23) subject to subsection (m), under subsection (a)(3), of an eviction action that seeks possession of the residential property in which the debtor resides as a tenant under a lease or rental agreement based on endangerment of such property or the illegal use of controlled substances on such property, but only if the lessor files with the court, and serves upon the debtor, a certification under penalty of perjury that such an eviction action has been filed, or that the debtor, during the 30-day period preceding the date of the filing of the certification, has endangered property or illegally used or allowed to be used a controlled substance on the property;

11 U.S.C. § 362(b)(22)-(23). I will refer to these provisions as the "Judgment Exception" and "Endangerment Exception," respectively, and collectively as the "Lessor Exceptions." Only the Judgment Exception is implicated by the Motion.

The Judgment Exception is subject to § 362(l)[7] which establishes certain requirements which if performed will allow a debtor to circumvent the loss of the stay imposed by § 362(b)(22). First, a debtor who has incurred a prepetition judgment for possession of residential real estate can temporarily avoid the operation of the Judgment Exception for thirty-days following the petition if the debtor: (1) files with the petition and serves upon the lessor a certification under penalty of perjury that under applicable nonbankruptcy law the debtor may cure the default; and (2) deposits with the bankruptcy court clerk all rent due

---

[7] A parallel set of qualifications are framed for the Endangerment Exception in § 362(m).

to the landlord within the thirty-day period following the bankruptcy filing (the "Initial

Certification/Cure"). 11 U.S.C. § 362(l).[8]

Upon compliance with the Initial Certification/Cure as required with the filing of the

petition, a debtor has a thirty day window in which to cure the entire default leading to the

judgment and provide a second certification as to that fact to the court ("the Final

Certification/Cure").  Compliance will ensure that the Judgment Exception will not be

applicable unless the court orders otherwise under subsection (3) which provides a procedure

for the lessor to object and be heard with respect to a debtor's Initial or Final

---

[8]  That provision states:

> ( l )(1) Except as otherwise provided in this subsection, subsection (b)(22) shall
> apply on the date that is 30 days after the date on which the bankruptcy petition is
> filed, if the debtor files with the petition and serves upon the lessor a certification
> under penalty of perjury that-
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are
> circumstances under which the debtor would be permitted to cure the
> entire monetary default that gave rise to the judgment for possession,
> after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited
> with the clerk of the court, any rent that would become due during
> the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1).  Section 362(l)(5) defines what information that must be in the certification,
as well as requires that (1) a debtor must indicate the judgment on the petition itself; (2) the clerk
of court arrange for prompt transmittal of rent deposited under 362(l)(1)(B); and (3) the standard
forms used in a bankruptcy proceeding are to be amended to comply with the requirements of this
subsection.  To administer the deposit requirement, this Court entered a Standing Order on
November 16, 2005 establishing uniform procedures for the deposit of rent with the Clerk and the
Clerk's transmittal of the funds to the lessor.  No. M-05-3009.

Certification/Cure.  11 U.S.C. § 362(l)(2), § 362(l)(3)(A).[9]  Finally, if the debtor fails to perform either the Initial or Final Certification/Cure or the court upholds the lessor's objection to a certification/cure, "subsection (b)(22) shall apply immediately," and "relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property."  11 U.S.C. §§ 362(l)(3)(B)(i), (l)(4)(A).  In such instance, the statute requires the clerk of the court to "immediately serve upon the lessor" a certified copy of the docket indicating the debtor's failure to file the required certification or a copy of the order upholding the landlord's objection.  11 U.S.C. §§ 362(l)(3)(B)(ii), (l)(4)(B).[10]

In this case, the Debtors' certification memorialized in their bankruptcy petition asserted the ability to cure but failed to certify (or make) the requisite rent deposit. Accordingly, the Debtors did not comply with the Initial Certification/Cure required by § 362(l).  I take judicial notice of the fact that the clerk of the court served AGLF with a

───────────────

[9]  The provision states:

> (l)(2)  If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankrupcty law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).

11 U.S.C. § 362(l)(2).

[10]  The Endangerment Exception's referenced subsection (m) provides that the exception will go into effect fifteen days after the lessor's certification, absent objection by the debtor.  If the debtor objects, an evidentiary hearing is scheduled.  11 U.S.C. § 362(m).

certified copy of the docket, Doc. No. 7, pursuant to § 362(l)(3)(B)(ii) from which AGLF could glean that the stay exception of § 362(b)(22) was effective upon Debtors' filing of the petition.   Debtors concede the foregoing but claim that while they have lost the automatic stay of § 362(a)(3), the stay remains with respect to § 362(a)(1), which prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the commencement of the case," and § 362(a)(2), which provides that the automatic stay applies to "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case," neither of which are referenced in the Judgment Exception which makes specific reference only to § 362(a)(3).

Notably no court has held that §§ 362(a)(1) and (2) allow a debtor to evade the proscriptions of § 362(l) to enjoin eviction by a lessor with a prepetition judgment for possession.   Indeed the anecdotal experience of this Court is that the procedures of § 362(l) are being employed to retain the stay.   However, one commentator has expressed the view that is urged by Debtors.   See Hon. Alan M. Ahart, The Inefficacy of the New Eviction Exceptions to the Automatic Stay, 80 Am. Bankr. L. J. 125 (Winter 2006).   Judge Ahart observes that the plain language of the statute limits the Lessor Exceptions to the stay of subsection (a)(3) and notes a number of pre-BAPCPA cases that have held that evictions fall within the ambit of subsections (a)(1) and (2), not merely (a)(3).   Id. at 141 n.72, 74, 79. Comparing the Lessor Exceptions to other stay exceptions in subsection (b), which provide

broad relief from <u>all</u> the provisions of § 362(a), <u>see</u> 11 U.S.C. § 362(b)(1)-(3), (b)(6)-(21),

Judge Ahart argues that Congress' limiting reference to the stay of subsection (a)(3) was

purposeful.  Surveying the pre-BAPCPA case law, he concludes that subsections (a)(1) and

(a)(2) are still effective to stay a lessor from taking any further acts to obtain possession of

property by both § 362(a)(1) and (a)(2).[11]

The problem with such an interpretation is obvious:  it renders both Lessor

Exceptions, including the elaborate procedural mechanisms to implement them, entirely

meaningless.  An exception to subsection (a)(3) gives illusory relief to lessors if subsections

(a)(1) and (2) still stand as barriers to the exercise of the remedies contemplated to follow

the debtor's failure to comply with § 362(l).  If relief must be sought from protection under

§ 362(a)(1) and (a)(2), the debtor would have the ability to retain possession of the premises

without paying rent during the period it takes to be heard; the lessor would have the cost of

filing a motion and appearance at a hearing; and the abusive practice sought to be addressed

by the Lessor Exceptions would persist.  Instead Congress has crafted a balanced approach

to tenant/landlord rights and obligations under BAPCPA.  It allows a debtor to retain his

leasehold interest if he pays the rent to become due in the next 30 days and certifies that

under state law he may cure the judgment for possession.  It requires cure of the default in

---

[11] He also contends, and I agree, that § 362(a)(1) and (a)(2) remain to stay actions to dispose
of debtor's personal property.  His citation to pre-BAPCPA cases that indicate that the stay of (a)(1)
and (a)(2) are still applicable to enjoin the implementation of state law remedies against personalty,
<u>e.g.</u>, <u>In re Sumptner</u> 171 B.R. 835, 842 (Bankr. N. Ill. 1994) is not inconsistent with the view that
actions against a lessor's realty are governed by subsection (a)(3) which has been carved out of
the stay.

30 days, not under a Chapter 13 plan as Debtors propose.[12]  Moreover, it allows protection
while that certification is challenged by the lessor.  Debtors' reading of § 362(l) would
effectively write this scheme out of the statute since a debtor with no intention or ability to
cure the judgment of possession could freely ignore the deposit and cure requirements, as did
Debtors here, and retain stay protection.[13]  I have no doubt that the only purpose for the
procedures outlined in §§ 362(l) and (m) is if the Lessor Exceptions actually provide stay
relief to lessors.

Debtors' interpretation not only makes no sense but it is burdensome and possibly
misleading.  Not only would subsection (l) require the clerk of the court to add the
meaningless administrative notice procedures to its already full post-BAPCPA workload
but the court, following the statute's notice requirements, could be unintentionally luring an
unwary landlord into violating the automatic stay.  What is a landlord to think when he or
she receives a certified copy of the docket and a notice directing him or her to a statutory
provision that states "relief from the stay provided under subsection (a)(3) shall not
be required to enable the lessor to complete the process to recover full possession of
the property"?  11 U.S.C. §§ 362(l)(3)(B)(i), (l)(4)(A), m(3).  Absent advice by counsel

---

[12]  One court has opined that permitting a cure under a Chapter 13 plan would be completely
contrary to the new provisions of the Code and would exceed the Court's power under § 105(a).
In re Tucker, 2005 LEXIS 2679 (Bankr. N.D. Ga. 2679 Nov. 18, 2005).

[13]  Similarly, why would a lessor file a certification under the Endangerment Exception
stating that a debtor is using drugs on or endangering property, assuming the possible cost and time
of an evidentiary hearing,  to invoke a stay exception that would still leave two other stay provisions
as barriers to eviction?

-11-

knowledgeable in bankruptcy law about the nuances of subsection § 362(a), it is almost certain that a landlord would proceed straight to eviction, thinking that such action has been expressly sanctioned by the bankruptcy court.[14]

It seems incredulous that Congress intended such a result.  In an attempt to discern what was intended, I will turn to the legislative history relating to the statutory change.  See Train v. Colorado Public Interest Research Grp., 426 U.S. 1, 3, 96 S.Ct. 1938, 1942 (1976) (there can be no rule of law  forbidding the use of legislative history "however clear the words may appear on 'superficial examination'") (citation omitted).  The language of the current Lessor Exceptions first appeared in the 2002 BAPCPA and remained constant through 2005.  The legislative statement of intent has also remained consistent:

> . . . It is the intent of this provision [section 311 of the Act] to create an exception to the automatic stay of section 362(a)(3) to permit the recovery of possession by rental housing providers of their property in certain circumstances where a judgment for possession has been obtained against a debtor/resident before the filing of the petition for bankruptcy. . . .  It is also the intent of this section to permit eviction actions based on illegal use of controlled substances or endangering property in certain circumstances. . . .
>
> For both the judgment based on monetary default and the controlled substance or endangerment exceptions, the section provides an opportunity for challenge by either the lessor or the tenant to certifications filed by the other party and a timely hearing for the court to resolve any disputed facts and rule on the factual or legal sufficiency of the certifications.  Where the court finds for the

---

[14] That is certainly what appears to have happened here, and Celli is a lawyer who practices in this court.  In its pleading seeking expedited consideration of the Motion, AGLF indicates that it certified to the MDC that Debtors failed to comply with the Certification/Cure requirement of § 362(l).  It appears that it was only the letter from Debtors' counsel that made AGLF present the Motion to this Court.

lessor, the clerk shall immediately serve upon the parties a copy of the court's order confirming that an exception to the automatic stay is applicable.  Where the court finds for the tenant, the stay shall remain in effect.  It is the intent of this section that the clerk's certified copy of the docket or order shall be sufficient evidence that the exception under paragraph 22 or paragraph 23 is applicable for a marshal, sheriff, or similar local officer to proceed immediately to execute the judgment for possession if applicable law otherwise permits such action, or for an eviction action for use of illegal controlled substances or property endangerment to proceed. . . .

H.R. Rep. 109-31(I), at 74-75 (2005), *as reprinted in*  2005 U.S.C.C.A.N. 88, 142-43 (emphasis added).  Accord H.R. Rep. 108-40(I), 2003 WL 1383469, at * 182-83 (Mar. 18, 2003) (discussing § 311, BAPCPA 2003); H.R. Conf. Rep. 107-617, 2002 WL 1751306, at * 62 (discussing § 311, BAPCPA 2002).

The highlighted language amply demonstrates that Congress intended that noncompliance with the Certification/Cure requirement under the Judgment Exception or a finding of property endangerment/drug use under the Endangerment Exception would result in the immediate ability of the sheriff or a landlord to continue with execution of its judgment for possession.  Debtors' position that subsections (a)(1) and (2) nevertheless operate as a stay against eviction runs counter to this clear intent and results in stay exceptions with elaborate procedural requirements that serve no point whatsoever.

"[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available" or if "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters."  Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 575, 102

S.Ct. 3245, 3250-52 (1982).[15]  "In such cases, the intention of the drafters, rather than the strict language, controls." <u>U.S v. Ron Pair</u>,  489 U.S. 235, 109 S.Ct. 1026, 1031 (1989). <u>See</u> <u>also</u> <u>Clinton v. City of New York</u>, 524 U.S. 417, 118 S.Ct. 2091 (1998) (interpreting statutory provision allowing cause of action to be brought by adversely affected "individual" to include suits by corporations in order to avoid "absurd and unjust result").

Moreover, the Supreme Court has repeatedly espoused as a fundamental cannon of statutory interpretation that statutory provisions are to be interpreted in context with the statute as a whole, keeping in mind the purpose and policy behind the law.  <u>Stenberg v. Carhart</u>, 530 U.S. 914, 998, 120 S.Ct. 2597, 2644 (2000) (*quoting* <u>United States v. Heirs of Boisdore</u>, 8 How. 113, 122, 12 L.Ed. 1009 (1849) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy")); <u>Regions Hosp. v. Shalala</u>, 522 U.S. 448, 460, 118 S.Ct. 909, 917 (1998); <u>Kelly v. Robinson</u>, 479 U.S. 36, 43, 107 S.Ct. 353, 358 (1986); <u>Offshore Logistics, Inc. v. Tallentire</u>, 477 U.S. 207, 221, 106 S.Ct. 2485, 2493 (1986); <u>Mastro Plastics Corp. v. NLRB</u>, 350 U.S. 270, 285, 76 S.Ct. 349, 359 (1956).  Indeed, the

---

[15]  In relying on the opinion of my colleague Judge Bruce Fox in <u>In re Williams</u>, 346 B.R. 361 (Bankr. E.D. Pa. 2006), Debtor overlooks this principle which undermines <u>Williams</u>' applicability here. <u>Williams</u> held that the language of § 362(a)(3) which terminates the stay after 30 days as to the debtor, but makes no reference to the estate, should be applied as written. Judge Fox recognized that courts are required to enforce statutes as written– "'at least where the disposition not required by the text is not absurd.'" <u>Id.</u> at 366 (*quoting,* inter alia, <u>Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.</u>, 530 U.S. 1, 6 (2004).  With respect § 362(c)(3)(A), he found that construction as written would <u>not</u> lead to an absurd result, outlining significant consequences to allowing stay relief as to the debtor only while retaining the stay as to the estate.  <u>Id.</u> at 369.  There is no saving grace to the application of § 362(l) as Debtor interprets it which I find purposeless and therefore to be absurd, therefore permitting deviation from the plain language of § 362(b)(22).

High Court eschews a "blinkered" study of isolated subsections. Hamden v. Rumsfeld, 126 S.Ct. 2749, 2769 (U.S. 2006).

Finally, when Congress acts, particularly in the bankruptcy arena, it does not do so on a clean slate. See Dewsnup v. Timm, 502 U.S. 410, 419, 112 S.Ct. 773, 779 (1992) ("When Congress amends the bankruptcy laws, it does not write 'on a clean slate.'" (quoting Emil v. Hanley (In re John M. Russell, Inc), 318 U.S. 515, 521, 63 S.Ct. 687, 690-691, 87 L.Ed. 954 (1943)). Congress was fully aware of the other subsections of § 362(a) when it limited the Lessor Exceptions to subsection (a)(3). However, Congress also clearly intended the Lessor Exceptions, where applicable to the facts, to allow landlords to proceed with eviction without having to seek relief from other stay provisions. From this I conclude that Congress construed subsections (a)(1) and (a)(2) as inapplicable to the very specific actions allowed by the Lessor Exceptions.

Section 362(a)(1) prohibits the continuation of any prepetition judicial, administrative, or other action against the debtor, including (but not limited to) the issuance or employment of process. I do not believe that AGLF's enforcement of the Judgment constitutes either the commencement or continuation of an action. Once judgment is entered, the action is concluded. Even before BAPCPA, case law had developed recognizing that post-judgment "ministerial" tasks, such as entry of judgment on the docket by the prothonotary do not run afoul of § 362(a)(1). E.g. In re Soares, 107 F.3d 969, 973-74 (1st Cir. 1997); Rexnord Holdings, Inc. v. Bidermann (In re Bidermann), 21 F.3d 522, 527-28 (2nd Cir. 1994). As noted by the Soares court, by definition a judicial proceeding concludes when the judicial

-15-

function is completed, i.e., when the decision is made. 107 F.3d at 974. Ministerial acts are the "antithesis of judicial acts, inasmuch as the essence of a judicial act is the exercise of discretion or judgment." Id. An action is ministerial where the law not only allows it, but demands it, and where the duty is clear and indisputable. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420, 51 S.Ct. 502, 504 (1931).

AGLF brought its eviction action before the MDC under Pennsylvania's Landlord Tenant Act, 63 P.S. § 250.101 et seq. The rules for enforcing that judgment require that the landlord first file a request for an Order for Possession. Pa. R.C.P.M.D.J. 515. Upon such a request, "the magisterial district judge shall issue the order for possession and shall deliver it for service and execution to the sheriff . . . The order shall direct the officer executing to deliver actual possession of the real property to the plaintiff." Pa. R.C.P.M.D.J. 516 (emphasis added). In using the word "shall" the Rule makes the issuance of the Order for Possession mandatory, making the issuance and execution of the order a ministerial act rather than judicial function requiring the exercise of discretion.

This is made further apparent by the fact that, had AGLF filed a complaint for ejectment in the Court of Common Pleas, a right expressly preserved by the Landlord Tenant Act,[16] the order for possession following such a judgment would have been issued by the prothonotary of the court. See Pa. R. Civ. P. 3160-61, 3103. The fact that the Possession

---

[16] See 68 P.S. § 250.511 ("Nothing contained in this article shall be construed as abolishing the right of any landlord to recover possession of any real property from a tenant by action of ejectment . . .")

-16-

Order was issued here by a magisterial district justice does not change the ministerial nature of that act.

By hinging the applicability of the Judgment Exception upon the existence of a prepetition judgment, Congress implicitly acknowledged that the enforcement of a judgment for possession generally involves ministerial functions that do not implicate the automatic stay of § 362(a)(1).  Moreover, limiting the exception to the stay provision of subsection (a)(3), leaves (a)(1) in place to operate as a stay against the initiation of new proceedings against the debtor.

Subsection (a)(2) prohibits the enforcement of a prepetition judgment against both a debtor and estate property.  Viewed in isolation and strictly interpreted, that prohibition could appear to encompass the Possession Order, which is the method of enforcing a judgment for possession in Pennsylvania.  However, in Cuffee, supra, the Third Circuit Court of appeals clearly stated that the minimal possessory interest of the tenant debtor was "an interest in property protected by section 362(a)(3)." 901 F.2d at 328.  Notably absent is any discussion of subsection (a)(2).  Indeed, the leading bankruptcy treatise, when discussing executory contracts and leases in the context of the automatic stay, does so under the stay provision of subsection (a)(3).  3 Collier on Bankruptcy ¶ 362.03[5][a] at 362-22 (15th Ed. 2005).

In discussing the enactment of § 362(a)(2), both the House and Senate reports indicate that this provision is designed to prevent "execution and levy against the debtors' prepetition property . . . [and] attempts to collect a judgment from the debtor personally."  S. Rep.

-17-

95-989, at 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836; H.R. Rep. 95-595, at 341 (1978), *as reprinted in*1978 U.S.C.C.A.N. 5963, 6297. Subsection (a)(3) was designed to address dismemberment of the estate by the taking of property of and from the estate. 1978 U.S.C.C.A.N. at 5836; 1978 U.S.C.C.A.N at 6298. Also relevant is subsection (a)(6), which prohibits any act to collect a claim against a debtor. The impetus for this subsection was more informal collection practices such as telephone calls to unsophisticated debtors. 1978 U.S.C.C.A.N. at 5836; 1978 U.S.C.C.A.N at 6298.

While these provisions may seem to overlap, the better view is that post-judgment evictions more properly fall under subsection (a)(3), a position I infer from the legislative history and Third Circuit Court of Appeals in <u>Cuffee</u>. 901 F.2d at 328. Subsection (a)(2) appears more likely to have been implemented to address the "enforcement of judgments" in their traditional use as a formal, legal method of debt collection, <u>i.e.</u>, garnishment, levy, distraint, etc., while (a)(6) addresses more informal debt collection practices. Viewing the automatic stay and its exceptions as a whole, a rational explanation for limiting the Lessor Exceptions to the automatic stay of subsection (a)(3) is that it narrowly tailors the stay exception to a lessor's taking back possession of its rental property, the precise activity that is intended to be permitted if the debtor fails to perform her side of the bankruptcy bargain, without sanctioning other creditor actions that are intended to remain to be protected by the stay. The continued viability of the subsection (a)(1) and (a)(2) stay is necessary to maintain the balance that Congress sought to strike in this amendment. For example, it is not

-18-

uncommon for a landlord-tenant suit to seek both rent arrears and costs as well as possession of the property. Indeed, that is precisely what AGLF did here. Both the Complaint and the Judgment subsequently issued by the MDC included a monetary judgment as well as granting possession. Exhibits C-5 and C-6. In limiting the automatic stay exception to that under subsection (a)(3), Congress has allowed repossession of the landlord's property but still protects the debtor from enforcement of the portion of the judgment seeking to collect the debt, including execution against the debtor's personal property.

Debtors' isolated examination of §§ 362(a)(1) and (2) is the idiomatic failure to see the forest for the trees. When viewing these provisions as part of the whole scheme of the automatic stay and its exceptions, including the context added by Congress in the passage of BAPCPA, subsections (a)(1) and (2) operate harmoniously with the Lessor Exceptions and §§362(b)(22) and (l) serve a purpose. As Debtors have failed to fulfill the requirements of § 362(l), the stay was inoperative by reason of the Judgment Exception. Accordingly, no stay relief is required, and AGLF is free to pursue its state law remedies with respect to the Residence. The Motion is moot to that extent.

With respect to the personal property that remains in the Residence, the automatic stay remains in place as discussed above. However, as the Debtors will be foreclosed from occupation of the Residence by reason of state law, the continued presence of their property in the Residence serves no purpose and interferes with AGLF's occupation and control of the realty. There is "cause" for limited relief under these circumstances. Debtors will be given thirty (30) days to recover and remove their property after which the stay will be lifted to allow AGLF to exercise its state law remedies to remove the personalty, if necessary,

so as to take full occupation of the Residence.[17]   In the interim, AGLF will cooperate with

Debtors to provide access at reasonable times and under reasonable circumstances for such

removal to take place.

An Order consistent with this Opinion shall be entered.


_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated:   July 5, 2007

---

[17]  Needless to say, such relief does not allow AGLF to take any action with respect to
Debtor's personalty in furtherance of the collection of a prepetition debt.

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re | : | Chapter 7 |
|  | : |  |
| RALPH EUGENE WILLIAMS and | : | Bankruptcy No. 07-11685DWS |
| DENICE LOUISE SHIPPEN, | : |  |
|  | : |  |
| Debtors. | : |  |

## ORDER

**AND NOW**, this 5th day of July 2007, upon consideration of the Motion for Relief from Stay (the "Motion") of AGLF Investments, LLC ("AGLF"), after notice and hearing, and for the reasons stated in the accompanying Opinion;

It is hereby **ORDERED** that the Motion as pertains to stay relief in order to complete eviction from the Residence is **DENIED** as moot.  AGLF is free to pursue its state law remedies with respect to the Residence;

**And** it is further **ORDERED** that the Motion as it pertains to actions under state law to remove Debtors' personal property located in the Residence is **GRANTED** effective thirty days from entry of this Order.  In the interim, AGLF shall cooperate with Debtors in allowing them access to the Residence to remove their personal property at reasonable hours and under reasonable conditions.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge