# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| RALPH EUGENE WILLIAMS and | : | Bankruptcy No. 07-11685DWS |
| DENICE LOUISE SHIPPEN, | : | |
| | : | |
| Debtors. | : | |

# ORDER

**AND NOW**, this 18th day of July 2007, upon consideration of the Debtors' Motion for Reconsideration (the "Reconsideration Motion") of Memorandum Opinion and Order dated July 5, 2007(the "Ruling");[1]

**And** the Reconsideration Motion also requesting an immediate stay of the Ruling;[2]

---

[1] Debtors have scheduled the Reconsideration Motion for a hearing on August 6, 2007. Section 102(1)(A) defines "after notice and hearing" to mean "such opportunity for hearing as is appropriate in the particular circumstances." As the Debtors have been given the opportunity to argue and file a post-hearing brief in support of their interpretation of the statutory provision at issue and as there is nothing in the Reconsideration Motion to indicate that there would be any benefit to a hearing on the legal conclusion they dispute, no hearing has been scheduled.

With respect to the request for an *en banc* hearing, there is no authority or procedure for the bankruptcy court to sit *en banc*. I do not have the authority to schedule a hearing before the full court, and any participation by another judge in this contested matter would be in furtherance of an impermissible advisory opinion. In any event, this is a matter of substantive law, not procedure, and is no different than many other issues of substantive law as to which the individual judges of this court may agree or disagree. Counsel is well aware that absent a decision of the Third Circuit Court of Appeals, each judge is free to formulate his or her view of the substantive law.

[2] In the alternative, I am asked to vacate the Order immediately. Since I decide the Reconsideration Motion adversely to Debtors, the request for this relief is moot.

**And** a motion for reconsideration being governed by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e) which is applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023;[3]

**And** "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 908 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986);[4]

**And** "federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartagena de Indias, 959 F. Supp. 270 (E.D. Pa. 1997) (*quoting* Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995));

**And** in support of the Reconsideration Motion, Debtors contending that I have made an error of law but in support, merely reiterating the same arguments and authority which I thoroughly considered and rejected in the Ruling;[5]

---

[3] The Reconsideration Motion is devoid of any authority for the various forms of relief sought. However, Rule 59(e) addresses a motion to alter a judgment.

[4] "The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis of its decision. ... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented." Keyes v. National Railroad Passenger Corporation, 766 F.Supp. 277, 280 (E.D. Pa. 1991).

[5] Debtors state that the Ruling is unprecedented and contrary to a law review article they cited in their brief. I agree that is so but do not view that as a basis to reconsider my Ruling. The Ruling is unprecedented because no one has advanced Debtors' position that the stay is available without compliance with § 362(l). On the contrary, compliance by tenants with the prerequisites set forth in § 362(l) for being insulated from the exception to stay provided in § 362(b)(22) has been the norm in this Court. With respect to the law review article which I have already considered, it is obviously not binding upon me.

<u>In re Ralph E. Williams & Denice L. Shippen - Bankruptcy No. 07-11685DWS</u>

It is hereby **ORDERED** that the Reconsideration Motion is **DENIED**.

                DIANE WEISS SIGMUND
                Chief U.S. Bankruptcy Judge

cc:    Judge Bruce Fox
       Judge Stephen Raslavich
       Judge Eric Frank
       Judge Richard Fehling
       Judge Jean FitzSimon